**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA**

In re:

**Eric John Ackerman**

**CHAPTER 13 PLAN-MODIFIED**

Dated: **July 9, 2015**

DEBTOR

Case No. **15-60017**

*In a joint case,
debtor means debtors in this plan.*

1. **DEBTOR'S PAYMENTS TO THE TRUSTEE —**

   a. As of the date of this plan, the debtor has paid the trustee $ **1,560.00** .
   b. After the date of this plan, the debtor will pay the trustee $ **260.00** per **Month** for **54** months, **beginning August 2015**, for a total of $ **14,040.00** . The minimum plan payment length is **X** 36 or __ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
   c. The debtor will also pay the trustee **any net bonus in excess of $4,500 per year.**
   d. The debtor will pay the trustee a total of $ **15,600.00**  [line 1(a) + line 1(b) + line 1(c)].

2. **PAYMENTS BY TRUSTEE —** The trustee will pay from available funds only creditors for which proof of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $ **1,560.00** , [line 1(d) x .10].

3. **ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(C)] —** The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

   | | *Creditor* | *Monthly Payment* | *Number of Months* | *Total Payments* |
   |---|---|---|---|---|
   | a. | **Wfs Financial/Wachovia Dealer Srvs** | $ | | $ **120.00** |
   | b. | TOTAL | | | $ ***120.00** |

   ***Paid WFS Financial/Wachovia Dealer Services: $120.00**

4. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365] —** The debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in ¶ 7.

   | *Creditor* | *Description of Property* |
   |---|---|
   | **-NONE-** | |

5. **CLAIMS NOT IN DEFAULT —** Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.

   | | *Creditor* | *Description of Property* |
   |---|---|---|
   | a. | **Hiway Credit Union** | **Debtor's Residence: Homestead Real Property Located at 5538 Knollwood Drive, Saint Cloud, MN**<br>**Single Family Residence Legally Described as: (See Exhibit A Attached)**<br>**Value Based on Property Tax Estimated Market Value** |
   | b. | **Us Bank Home Mortgage** | **Debtor's Residence: Homestead Real Property Located at 5538 Knollwood Drive, Saint Cloud, MN**<br>**Single Family Residence Legally Described as: (See Exhibit A Attached)**<br>**Value Based on Property Tax Estimated Market Value** |

6. **HOME MORTGAGES IN DEFAULT [§ 1322(b)(5) and § 1322(e)]** — The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens. *__All following entries are estimates.__* The trustee will pay the actual amounts of default.

| Creditor | Amount of Default | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| -NONE- | $ | $ | | | $ |
| a. TOTAL | | | | | $ 0.00 |

7. **CLAIMS IN DEFAULT [§ 1322 (b)(3) and (5) and § 1322(e) ]** — The trustee will cure defaults on the following claims as set forth below. The debtor will pay for the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. *__All following entries are estimates, except for interest rate.__*

| Creditor | Amount of Default | Int. rate (if applicable) | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| -NONE- | $ | | $ | | | $ |
| a. TOTAL | | | | | | $ 0.00 |

8. **OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)]** — The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column, below. The creditors will retain liens securing the allowed claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. § 1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.

| Creditor | Claim Amount | Secured Claim | Int. Rate | Beg. in Mo. # | (Monthly Pmnts) | x (No. of Pmnts) = | Pmnts on Account of Claim + | (Adq. Prot. from ¶ 3) = | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|---|---|
| a. Wfs Financial/Wachovia Dealer Srvs | $ 6,007.00 | $ 6,007.00 | 5.25 | | | | $ 375.62 | $ 120.00 | $ 495.62 |
| b. TOTAL | | | | | | | | | $ *495.62 |

**\*Paid WFS Financial/Wachovia Dealer Services: $495.62**

9. **PRIORITY CLAIMS** — The trustee will pay in full all claims entitled to priority under § 507, including the following. *__The amounts listed are estimates.__* The trustee will pay the amounts actually allowed.

| Creditor | Estimated Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. Attorney Fees (Post) | $ 500.00 | $ 166.67 | 1 | 3 | $ 500.00 |
| b. Internal Revenue Service | $ 2,189.30 | $ Pro rata | Pro rata | Pro rata | $ *2,189.30 |
| c. MN Dept of Revenue | $ 404.00 | $ Pro rata | Pro rata | Pro rata | $ 404.00 |
| d. TOTAL | | | | | $ 3,093.30 |

**\*Paid Internal Revenue Service: $540.12**

10. **SEPARATE CLASSES OF UNSECURED CREDITORS** — In addition to the class of unsecured creditors specified in ¶ 11, there shall be separate classes of non-priority unsecured creditors described as follows:   **-NONE-**
The trustee will pay the allowed claims of the following creditors. *__All entries below are estimates.__*

| Creditor | Interest Rate (if any) | Claim Amount | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | $ |
| a. TOTAL | | | | | | $ 0.00 |

11. **TIMELY FILED UNSECURED CREDITORS** — The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under ¶ 2, 3, 6, 7, 8, 9 and 10 their pro rata share of approximately $ **10,451.08**   [line 1(d) minus lines 2, 6(a), 7(a), 8(a), 9(c) and 10(a)].

   a. The debtor estimates that the total unsecured claims held by creditors listed in ¶ 8 are $ **0.00** .

   b. The debtor estimates that the debtor's total unsecured claims (excluding those in ¶ 8 and ¶ 10) are $ **67,112.00** .

   c. Total estimated unsecured claims are $ **67,112.00**   [line 11(a) + line 11(b)].

12. **TARDILY-FILED UNSECURED CREDITORS** — All money paid by the debtor to the trustee under ¶ 1, but not distributed by the trustee under ¶ 2, 3, 6, 7, 8, 9, 10 or 11 will be paid to holders of nonpriority unsecured claims for which proofs of claim were tardily filed.

13. **OTHER PROVISIONS** —

   **Title in any secured property will vest in the debtor upon payment of the secured portion of the creditor's claim and debtor's discharge. The debtor shall receive a discharge upon completion of the scheduled plan payments or upon payment of 100% of timely filed unsecured claims, whichever occurs first. Trustee shall not pay any untimely filed general unsecured creditors (excluding taxing authorities). Claims filed as secured but for which the plan makes no express provision shall be paid as unsecured claims as set forth in Paragraph 11 above.**

   **A proof of claim may be filed by the Internal Revenue Service (IRS) for a claim against the debtor(s) for taxes that become payable to the IRS post-petition, limited to only the tax year for which the bankruptcy case was filed. The claim shall be filed no later than one year post-confirmation. The trustee shall pay such claim as submitted as funds are available pursuant to 11 U.S.C. Statute 1305.**

   **The debtor shall send the Trustee each year during the Chapter 13 Plan, copies of his/her federal and state income tax returns at the time they are filed. If the debtor receives a refund from the federal taxing agency but owes the state taxing agency (or vice-versa), the debtor will net the two out and pay the trustee the amount over $1,200 for a single filer, or $2,000 for a joint filer (not including any Earned Income Credit or Working Family Credit). Any additional amounts shall be turned over to the Chapter 13 trustee as additional plan payments.**

14. **SUMMARY OF PAYMENTS** —

| | |
|---|---:|
| Trustee's Fee [Line 2] | $ 1,560.00 |
| Home Mortgage Defaults [Line 6(a)] | $ 0.00 |
| Claims in Default [Line 7(a)] | $ 0.00 |
| Other Secured Claims [Line 8(b)] | $ 495.62 |
| Priority Claims [Line 9(d)] | $ 3,093.30 |
| Separate Classes [Line 10(a)] | $ 0.00 |
| Unsecured Creditors [Line 11] | $ 10,451.08 |
| **TOTAL [must equal Line 1(d)]** | $ **15,600.00** |

*Insert Name, Address, Telephone and License Number of Debtor's Attorney:*
**William P. Kain 143005**
**Kain & Scott, PA**
**13 7th Avenue South**
**St. Cloud, MN 56301**
**320-252-0330**
**143005**

Signed    **/s/ Eric John Ackerman**
**Eric John Ackerman**
DEBTOR

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

Eric John Ackerman,                                        Bky. Case No. 15-60017
                                                                                          Chapter 13

         Debtor.

---

**UNSWORN CERTIFICATE OF SERVICE**

---

      I, Sonja K. Quaintance, declare under penalty of perjury that on July 10, 2015 she caused to be served the Notice of Hearing and Motion, Amended Schedule I, Amended Schedule J, Memorandum in Support of Debtor's Motion for Post-Confirmation Modification and Modified Chapter 13 Plan via the CM/ECF system to those parties requesting electronic notification and upon all parties in interest at the addresses set forth in the exhibit which is attached hereto, by first class mail.


Dated: July 10, 2015                                                   /e/ Sonja K. Quaintance
                                                                           Sonja K. Quaintance
                                                                           Kain & Scott, P.A.

| | | |
|---|---|---|
| BK OF AMER<br>PO BOX 982235<br>EL PASO TX 79998 | CHASE CARD<br>P.O. BOX 15298<br>WILMINGTON DE 19850 | HIWAY CREDIT UNION<br>ATTN: COLLECTIONS<br>111 EMPIRE DRIVE<br>SAINT PAUL MN 55103 |
| INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | MN DEPT OF REVENUE<br>ATTN: DENISE JONES<br>PO BOX 64447<br>SAINT PAUL MN 55164 | SEARS/CBNA<br>PO BOX 6497<br>SIOUX FALLS SD 57117 |
| TD BANK USA/TARGETCRED<br>PO BOX 673<br>MINNEAPOLIS MN 55440 | US BANK<br>4325 17TH AVE S<br>FARGO ND 58125 | US BANK<br>PO BOX 1800<br>SAINT PAUL MN 55101-0800 |
| US BANK<br>PO BOX 790408<br>SAINT LOUIS MO 63179-0408 | US BANK<br>27 33RD AVE N<br>SAINT CLOUD MN 56303-4145 | US BANK HOME MORTGAGE<br>PO BOX 20005<br>OWENSBORO KY 42304 |
| WELLS FARGO CARD SER<br>1 HOME CAMPUS<br>3RD FLOOR<br>DES MOINES IA 50328 | WFS FINANCIAL/WACHOVIA DEALER<br>SRVS<br>PO BOX 3569<br>RANCHO CUCAMONGA CA 91729 | |

(11/14)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re
Eric John Ackerman

SIGNATURE DECLARATION
**(For use in electronically filed cases only)**

Debtor(s).

Case No. **15-60017**

☐ PETITION, SCHEDULES & STATEMENTS
☐ CHAPTER 13 PLAN
☐ VOLUNTARY CONVERSION, SCHEDULES AND STATEMENTS
☑ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
☑ MODIFIED CHAPTER 13 PLAN
☑ OTHER (Please describe: **MOTION TO MODIFY POST-CONFIRMATION CHAPTER 13 PLAN** )

I [We], the undersigned debtor(s) or authorized representative of the debtor, make the following declarations under penalty of perjury:

1. The information I have given my attorney and provided in the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

2. The Social Security Number or Tax Identification Number I have given to my attorney for entry into the court's Case Management/Electronic Case Filing (CM\ECF) system as a part of the electronic commencement of the above-referenced case is true and correct;

3. **[individual debtors only]** If no Social Security Number was provided as described in paragraph 2 above, it is because I do not have a Social Security Number;

4. I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration;

5. My electronic signature contained on the documents filed with the Bankruptcy Court has the same effect as if it were my original signature on those documents; and

6. **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: 6·25·15

X _____  X _____
Signature of Debtor or Authorized Representative    Signature of Joint Debtor

**Eric John Ackerman**
Printed Name of Debtor or
Authorized Representative

Printed Name of Joint Debtor